IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,  :

    Plaintiff,  :

  v.  :  Case No. 2:06-mj-264-K

James Daniel Wyant,  :

    Defendant.  :

## DETENTION ORDER

    The above defendant appeared before the Court for a detention hearing on July 14, 2006.  Following the hearing, the Court ordered the defendant detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was charged in a criminal complaint with a violation of 18 U.S.C. §2423.  According to the complaint and testimony presented at the hearing, the defendant met a minor female from Ohio on the internet and traveled from Virginia to Ohio on multiple occasions to engage in an illicit sexual relationship with her.  Such travel not only violates the provisions of §2423 but creates a presumption of detention because the victim was a minor.

    There was little favorable information presented to rebut the presumption.  The defendant is a lifelong resident of Virginia but has been only sporadically employed.  He has a history of multiple drug addictions and also has one prior felony conviction.  He apparently made many trips from Virginia to meet the minor victim while she was either fourteen or fifteen years old, and after being confronted by authorities concerning his alleged crime, he confessed but then attempted to delete evidence

of his relationship with the victim from his computer and from her email account.  Notwithstanding his prior contact with law enforcement concerning this matter, he made arrangements to meet the victim several days after she turned 16 and was arrested in Ohio with the victim after being stopped by a police officer while driving in a closed metropolitan park.  At that time, a stun gun, among other objects, was found in his vehicle.

The Court considered whether a release of the defendant on electronic monitoring with instructions that he have no further contact with the victim would be appropriate.  However, in addition to the presumption set forth under the statute, the Court concludes that his behavior after having been confronted by the FBI suggests that he would not be amenable to supervisory conditions and that it would be practically impossible to prevent further contact between the defendant and the victim.  Under all the circumstances, therefore, the Court concluded that he had not rebutted the presumption of detention and he was ordered detained.

The defendant was advised of his right to seek review of this decision by a United States District Judge pursuant to 18 U.S.C. §3145(b).

>/s/ Terence P. Kemp
United States Magistrate Judge